UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.                                              No. 01-4846

BENNIE JAY EATMON,
    *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CR-00-127-BO)

Submitted: September 23, 2002

Decided: October 4, 2002

Before NIEMEYER, MOTZ, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Andy W. Gay, GAY, STROUD & JACKSON, L.L.P., Zebulon, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Dennis M. Duffy, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Bennie Eatmon was convicted by jury on all counts of an eleven count indictment charging him with arson and conspiracy to commit arson in violation of 18 U.S.C. §§ 844(i), 844(n) (2000); mail fraud in violation of 18 U.S.C. § 1341 (2000); bank fraud in violation of 18 U.S.C. § 1344(1), (2) (2000); and wire fraud in violation of 18 U.S.C. § 1343 (2000). The district court sentenced Eatmon to 87 months of imprisonment.

Eatmon's brief on appeal raises three sentencing issues. First, Eatmon claims the district court erred by relying on the same conduct for upward adjustments in Eatmon's offense level pursuant to both *U.S. Sentencing Guidelines Manual* §§ 3B1.1(c) and 2F1.1(b)(2)(A) (2000). Next, he contends the court erred in finding he obstructed justice. Lastly, Eatmon claims the court erred in making an upward departure, increasing his criminal history from category I to category II. In addition, Eatmon has filed a supplemental pro se brief on appeal that presents a number of additional claims.

A district court's factual determinations relating to the application of the sentencing guidelines are reviewed for clear error. *See United States v. Daughtrey*, 874 F.2d 213, 217-18 (4th Cir. 1989). Departures are reviewed for abuse of discretion. *See Koon v. United States*, 518 U.S. 81, 100 (1996). A district court abuses its discretion when determining a departure is warranted if its conclusion is guided by erroneous legal principles, or rests upon a clearly erroneous factual finding. *See United States v. Barber*, 119 F.3d 276, 283 (4th Cir. 1997) (en banc).

We have carefully reviewed Eatmon's objections to his offense level adjustments and find them meritless. Moreover, the district court did not abuse its discretion in concluding an upward departure was

warranted. We find the court made an adequate showing on the record to support its decision to depart and reasonably stated its basis from the bench. *See* 18 U.S.C. § 3553(c)(2) (2000); *United States v. Rusher*, 966 F.2d 868, 882 (4th Cir. 1992). We have also fully considered the claims raised in Eatmon's pro se supplemental brief and reject them as meritless.

Accordingly we affirm the decision of the district court. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*